UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RIKISHA S. SMITH,

                        Plaintiff,

                                                      5:20-CV-1225
v.                                                    (MAD/ML)

PRESIDENT BILL CLINTON,

                        Defendant.
_____

APPEARANCES:                                           OF COUNSEL:

RIKISHA S. SMITH
  Plaintiff, *Pro Se*
223 Otisco Street
Syracuse, New York 13204

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Currently before the Court are Plaintiff Rikisha Smith's ("Plaintiff"): (1) motion for leave to proceed *in forma pauperis* (Dkt. No. 2), (2) motion for appointment of counsel (Dkt. No. 3), (3) Letter (Dkt. No. 5), (4) Letter (Dkt. No. 6), (5) Letter Motion requesting that the undersigned be removed from the case (Dkt. No. 7), and (6) Notice (Dkt. No. 8).  For the reasons discussed below, I (1) deny as moot Plaintiff's *in forma pauperis* application (Dkt. No. 2), (2) deny Plaintiff's motion for appointment of counsel (Dkt. No. 3), (3) recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety with leave to amend, (4) direct the Clerk of the Court to strike Plaintiff's Letter (Dkt. No. 5), Letter (Dkt. No. 6), and Notice (Dkt. No. 8), and (5) deny Plaintiff's letter motion requesting that I be removed from the case (Dkt. No. 7).

**I.     BACKGROUND**

On October 6, 2020, Plaintiff commenced this action by filing a *pro se* Complaint against defendant President Bill Clinton ("Defendant").[1]  (Dkt. No. 1.)  Upon the filing of the Complaint, Plaintiff paid the statutory filing fee for this action.  (Dkt. No. 1, Attach. 1.)  In addition, Plaintiff filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 2) and a motion for appointment of counsel (Dkt. No. 3).

The Complaint consists of five different form complaints, which purport to assert actions arising under (1) 42 U.S.C. § 1983; (2) Title VII of the Civil Rights Act, as amended; (3) 29 U.S.C. §§ 621-634(b), as amended, for employment discrimination based on age; (4) the Americans with Disabilities Act; and (5) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (*See generally* Dkt. No. 1.)  The Complaint is a series of incomplete sentences that are largely indecipherable and devoid of factual assertions. (*Id*.)

For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

On October 7, 2020, Plaintiff filed a letter that states, *inter alia*, "Patriots Act War II kidz with lead poisoning mad calendar repeating slavory inside out job contractors."  (Dkt. No. 5

---

[1]     The Court notes that Plaintiff's Complaint also purports to list several other individuals as defendants.  More specifically, in various sections, the Complaint lists as defendants "Hon. Jugh Andrew Baxter" and "Hon Jugh Khan" (Dkt. No. 1 at 9), "Oprah Winfrey" (*id*. at 12), "Man Power" (*id*. at 13), "New York State Human rights Department of labor" (*id*. at 17), "Andrew Staff work" and "First Choice" (*id*. at 18), "President Kim (China)" (*id.* at 21), "Hon. Jugh Thomas Mcavoy" (*id.* at 25), "Jewels mad calendar concentration schools charter schools" and "German calendar concentration schools" (*id.* at 26), and "LGBTQ Mr. Baker and Cris O. Putnam" (*id.* at 32).  However, the Complaint is incomprehensible and contains a myriad of clearly frivolous statements, which do not appear to have any connection to any of the alleged defendants.  As a result, it is unclear whether Plaintiff intended to assert causes of actions against these individuals and entities or whether the notations are merely additional nonsensical allegations.

[errors in original].) Additionally, on October 7, 2020, Plaintiff filed a second letter that states, *inter alia*, "1. Germans for repeating War II American citizen 2. Jewels Rikisha S. Smith my kid 3. Hispanic medical medical records to be 4. Chinese useful and I want this calendar prunish no good time 8-4 for them Jughes Teachers due lawyer DA mad calendar gov." (Dkt. No. 6 [errors in original].) Moreover, Plaintiff filed a Notice, which appears to be a printed article from www.Syracuse.com regarding the victim in a fatal shooting from July 18, 2020. (Dkt. No. 8.)

Further, on October 7, 2020, Plaintiff filed a letter motion requesting that the undersigned be removed from the case stating, "I . . . [am] asking for Jugh Miroslav to be fired. I dont want Jugh last name slave conflict of interest I dont want a German of calendar." (Dkt. No. 7 [errors in original].)

## II.   PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Because Plaintiff has paid the statutory filing fee, the motion to proceed *in forma pauperis* is denied as moot. *Ping Lin v. Holder*, 387 F. App'x 93, 97 (2d Cir. 2010) ("The pending motion to proceed *in forma pauperis* is DENIED as moot because the filing fee has already been paid.").

## III.   LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed, notwithstanding payment of the filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (a district court "may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *see also Pflaum v. Town of*

3

*Stuyvesant, Columbia Cnty., N.Y.*, 11-CV-0335, 2016 WL 865296, at *1, n.2 (N.D.N.Y. Mar. 2, 2016) (Suddaby, C.J.) (finding that the Court had the power to address and dismiss additional theories of the plaintiff's retaliation claim *sua sponte* because those theories were so lacking in arguable merit as to be frivolous). In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).

IV.  **ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiff's Complaint is comprised of thirty-five pages of incoherent text written on every form-complaint from the Clerk's office interspersed with instruction sheets for the form-complaints. (*See generally*, Dkt. No. 1.) By way of example, in the facts portion of Plaintiff's Complaint that was filed on the Civil Rights Complaint pursuant to 42 U.S.C. § 1983 form, Plaintiff alleges as follows:

> I Believe Jugh Baxter conflict of interest 420 Hitler
> Prince Andrew Ferguson Manhantan Baxter St
> Prince Andrew mother name is Queen Elizabeth B-day 4-21
> Torron J Baxter b-day is President Nixson 4-22 WaterGates
> Torron J Baxter mom name is Elizabeth
> Baker St Elizabeth St Syracuse NY 13205 1978 LGBTQ Million Man March
> over 40 years doing research for cloning A5863
> Assembly bill 423 president James 123 snap benifits
> 421 Montgomery St Address is Queen Elizabeth b-day

>president Andrew Jackson 20$ bill means it a doob copy
>clone 2nd Ducez Bloods cycle paths Germans calendar concentration school

(Dkt. No. 1 at 9 [errors in original].)  In addition, in the causes of action portion of Plaintiff's Complaint that was filed on the Civil Rights Complaint pursuant to 42 U.S.C. § 1983 form, Plaintiff alleges as follows:

>FIRST CAUSE OF ACTION
>420 Hitler b-day420 concentration
>Schools 420National weed day
>
>SECOND CAUSE OF ACTION
>421 Montgomery St
>Queen Elizabeth 421 B-day
>Todrick rice 421 B-day
>Tyrone Bird 421 B-day
>
>THIRD CAUSE OF ACTION
>Torron J. Baxter B-day 4-22 President nixson b-day 4-22
>Water Gate Esta B-day 4-22
>Trina Manning b-day 2-24
>Mackeya Davis b-day 2-24
>Backwards Earthday 4-22
>118 Sasha
>Esta 422

(Dkt. No. 1 at 10 [errors in original].)  In the causes of action portion of Plaintiff's Complaint that was filed on the Civil Complaint pursuant to Title VII of the Civil Rights Act, as amended form, Plaintiff alleges as follows:

>FIRST CAUSE OF ACTION
>Hon. Jugh Khan same last name as Federal Tax lawyer I hired Jeffrey
>Khan California Conflict of interest
>
>SECOND CAUSE OF ACTION
>Since I Rikisha S. Smith was a child poisoned with lead – poison
>concentration schools Jewels calendar Chinese, Itlians, Egpians created
>Ink Germans www skeleton bones patriots act paranormal activity on
>children with lead poison called puppet master puppet show
>
>THIRD CAUSE OF ACTION
>First it was me poisoned with lead poison as a child When president Bush
>the Father was in office 2nd it was my children and his son was in office

> George Walker Bush this was on perpise Another way to hang us rap us puppet show social security numbers puppet master

(Dkt. No. 1 at 14-15 [errors in original].)

As the Complaint is currently drafted, the Court is unable to meaningfully analyze, whether, and to what extent, Plaintiff has pleaded any colorable claim against Defendants. (*See generally* Dkt. No. 1.) Plaintiff's Complaint places an unjustified burden on the Court and, ultimately, on Defendants "'to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

As a result, I recommend the complaint be dismissed as frivolous. *See, e.g., Gillich v. Shields*, 18-CV-0486, 2018 WL 2926299 (N.D.N.Y. Apr. 30, 2018) (Peebles, M.J.), *report and recommendation adopted by* 2018 WL 2926302, at *3 (N.D.N.Y. Jun. 8, 2018) (D'Agostino, J.); *Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); *see also Salahuddin*, 861 F.2d at 42 ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

## V.  OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05

(2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[2]

In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. Out of deference to Plaintiff's *pro se* status, however, I recommend that Plaintiff be granted leave to amend the Complaint.

If Plaintiff chooses to avail herself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which she relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely

---

[2]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

## VI.     PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 3.) The application is left largely blank and does not indicate whether Plaintiff has been unsuccessful in her efforts to obtain counsel on her own from the private sector. (*Id.*) *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (before the district court is required to make determinations with respect to the *Hodge* factors, "it must first ascertain whether the litigant is able to afford or otherwise obtain counsel.").

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why

8

> appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action. As such, the Court cannot find that Plaintiff's claims are likely to be of substance. Plaintiff's motion (Dkt. No. 3) is therefore denied.

## VII. PLAINTIFF'S FILINGS OF OCTOBER 7, 2020

The Clerk of the Court is directed to strike Plaintiff's Letter (Dkt. No. 5), Letter (Dkt. No. 6), and Notice (Dkt. No. 8). It is unclear what relief, if any, Plaintiff is requesting and what the grounds are for that relief.

After carefully considering the matter, Plaintiff's Letter Motion (Dkt. No. 7), requesting my removal from the case, is denied.

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. Under Section 144, a judge may be required to recuse himself based on "personal bias or prejudice . . . against [a party] or in favor of any adverse party." 28 U.S.C. § 144. Generally, Section 455 warrants recusal "in any proceeding in which [a judge's] impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or where a judge has "a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1). Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes. *Jemzura v. Publ. Serv. Comm'n*, 961 F. Supp. 406, 410 (N.D.N.Y. 1997) (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

A party may request that a judge recuse himself from a case and another substituted in his stead by filing an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists[.]" 28 U.S.C. § 144. Whether an appearance of impartiality exists is an objective question "based on what a reasonable person knowing all the facts would conclude." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). The Supreme Court has emphasized that, where grounds for recusal are comprised of "judicial rulings [and] routine trial administration efforts," recusal is not warranted absent proof that those rulings either rely upon knowledge acquired outside such proceedings or "display a deep-seated favoritism" or "unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *see also Kampfer v. Gokey*, 955 F. Supp. 167, 170 (N.D.N.Y. 1997). Recognizing the importance of considerations such as "the cost in judicial resources of recusal and reassignment of the case to different judges, and the interest of the parties and the public in a swift resolution of [a] dispute," the Second Circuit has cautioned that "'a judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.'" *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)) (alteration omitted).

As an initial matter, Plaintiff's Letter Motion is denied because it is unsupported by an affidavit, as required by 28 U.S.C. § 144. In addition, Plaintiff's Letter Motion is unsupported by a showing of cause. While my name is Miroslav Lovric, my name neither includes the word "slave" nor does Plaintiff present any facts or reasons for her belief that bias or prejudice exists. (*See generally* Dkt. No. 7.) Because the Court possesses no bias towards Plaintiff or her claims, the Court is unaware of any facts or circumstances that would otherwise disqualify me from presiding over this action. As a result, I have not recused myself.

For each of these reasons, Plaintiff's Letter Motion (Dkt. No. 7) is denied without prejudice.

Plaintiff is cautioned that continued frivolous filings may result in the imposition of sanctions, including limitations on her ability to file without prior permission of the Court. *See Ajamian v. Nimeh*, 14-CV-0320, 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) ("[A] federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings."); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction).

"The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). The Second Circuit has identified several factors that should be considered in determining whether to restrict a litigant's future access to the court:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005).

While the Court is aware that Plaintiff is proceeding *pro se*, she has litigation experience.[3] Plaintiff's motions and improper and procedurally deficient submissions and letters have presented a burden on the Court. Plaintiff is cautioned that her unwarranted litigiousness is bordering on vexatiousness. Should she continue to file meritless motions and procedurally deficient submissions, she will be directed to show cause as to why the Court should not issue an Order barring her from filing further motions in this matter without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall **STRIKE** Plaintiff's Letter (Dkt. No. 5), Letter (Dkt. No. 6), and Notice (Dkt. No. 8) from the docket; and it is further

**ORDERED** that Plaintiff's Letter Motion seeking removal of the undersigned from the case (Dkt. No. 7) is **DENIED** without prejudice; and it is further

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1).

---

[3] *See Smith v. Bush*, 5:18-CV-1252 (LEK/ATB); *Smith v. Smith*, 5:20-CV-0748 (TJM/ML).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[5]

Dated: October 13, 2020
       Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

[5] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).