UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RIKISHA S. SMITH,

                           **Plaintiff,**

  vs.                                                  5:20-CV-1225
                                                            (MAD/ML)

PRESIDENT BILL CLINTON,

                           **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**RIKISHA S. SMITH**
223 Otisco Street
Syracuse, New York 13204
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On October 6, 2020, Plaintiff commenced this action against Defendant President Bill Clinton. *See* Dkt. No. 1. Plaintiff's complaint, which consists of five different form complaints, purports to assert causes of action under (1) 42 U.S.C. § 1983; (2) Title VII of the Civil Rights Law; (3) 29 U.S.C. §§ 621-34(c), for employment discrimination based on age; (4) the Americans with Disabilities Act ("ADA"); and (5) *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Dkt. No. 1. The complaint lists other individuals and contains a series of incomplete sentences that are almost entirely indecipherable and devoid of any factual assertions.[1]

---

[1] For example, the complaint provides the following under "FACTS" section: "420 Hitler b-day national weed day. Concentration school jewels. Calendar telepathics Germans Calendar. 421 Queen Elizabeth b-day. Toddrick Rice b-day. Tyrone Bird b-day 421 Montgomery St. 422 Torron J. Baxter esta backward. Trina Manning 2-2A. Backward Mackayla Davis 2-24 Earth

(continued...)

In an Order and Report-Recommendation dated October 13, 2020, Magistrate Judge Lovric performed an initial review of the complaint and addressed several pending motions.  *See* Dkt. No. 9.  In the Order and Report-Recommendation, Magistrate Judge Lovric (1) denied as moot Plaintiff's *in forma pauperis* application (Dkt. No. 2); (2) denied Plaintiff's motion for the appointment of counsel (Dkt. No. 3); (3) recommended that Plaintiff's complaint be dismissed in its entirety with leave to replead; (4) directed the Clerk of the Court to strike several filings (Dkt. Nos. 5-6, 8); and (5) denied Plaintiff's letter motion seeking Magistrate Judge Lovric's removal from this case (Dkt. No. 7).  *See* Dkt. No. 9 at 1.  Neither party objected to Magistrate Judge Lovric's Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d

---

[1](...continued)
Day 4-22.  President Nixon Water Gate Hotel. 4-23 President James Buchanan."  Dkt. No. 1 at 14.

2

652 (1972)) (other citations omitted).  The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having reviewed the October 13, 2020 Order and Report-Recommendation, Plaintiff's complaint and the applicable law, the Court finds that Magistrate Judge Lovric correctly determined that the complaint should be dismissed.  The complaint is comprised of thirty-five pages of entirely incoherent text.  As currently drafted, the Court is unable to meaningfully analyze whether, and to what extent, Plaintiff could possibly allege a colorable claim against Defendant Bill Clinton or any of the other named individuals in the complaint.  The complaint places an unjustifiable burden on the Court and, if permitted to proceed Defendant, "'to select the relevant material from a mass of verbiage.'"  *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quotation omitted).  As such, the Court finds that Magistrate Judge Lovric properly determined that the complaint should be dismissed.

The Court further notes that Magistrate Judge Lovric recommended that the Court should grant Plaintiff leave to replead.  *See* Dkt. No. 9 at 6.  While the Court has serious doubts about Plaintiff's ability to replead the claims in her complaint in a coherent manner, setting forth plausibly claims for relief, out of deference to Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to file an amended complaint.[2]

---

[2] The Court notes that Plaintiff has filed other actions in this Court that have suffered from the same defects.  *See Smith v. Bush*, No. 5:18-cv-1252 (N.D.N.Y.); *Smith v. Nixon*, No. 5:20-cv-748 (N.D.N.Y.); *Smith v. Jackson*, No. 5:21-cv-5 (N.D.N.Y.).  In an Order and Report-Recommendation dated January 11, 2021, Magistrate Judge Lovric recommended that an anti-filing injunction be issued in light of Plaintiff's abuse of the judicial process.  *See Smith v. Jackson*, No. 5:21-cv-5, Dkt. No. 5 at 10-12.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 9) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall file her amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 14, 2021
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge